FILED

2014 Dec-12  AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**\* AMENDED MARCH  2014, DO NOT USE EARLIER VERSION \***

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRACY O. CRANE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **vs.** | ] | **CIVIL ACTION NO.:** |
| | ] | **2:11-CV-3568-VEH** |
| | ] | |
| **ERIC H. HOLDER, JR.,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## ORDER SETTING PRETRIAL CONFERENCE

The above-referenced action is scheduled for a pretrial conference on **Wednesday, March 4, 2015 at 11:00 A. M.**, in sixth floor chambers of the undersigned, Hugo L. Black U. S. Courthouse, Birmingham, AL.  Counsel is reminded of the requirement of submitting to chambers, <u>via email</u>, in either WordPerfect® (strongly preferred) or Word® format, at least seven days prior to the pretrial conference, February 25, 2015, a draft <u>joint</u> proposed pretrial order.  A blank sample is attached as Exhibit A  and may also be found on the website of the undersigned.  Also attached, as Exhibit B, is a sample of a complete and yet concise joint proposed order that was filed with the undersigned judge. The chambers email address of the undersigned judge is hopkins_chambers@alnd.uscourts.gov.

A trial date will be determined at the pretrial conference.

**DONE** and **ORDERED** this <u>12th</u> day of December, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

**Exhibit A**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**_____ DIVISION**

| | |
|---|---|
| Name of the Plaintiff(s), | ] |
| | ] |
| Plaintiff(s), | ] |
| | ]     **CIVIL ACTION NO.:** |
| vs. | ]     _____ |
| | ] |
| Name of the Defendant(s), | ] |
| | ] |
| Defendant(s). | ] |

**PRETRIAL ORDER**

A pretrial conference was held in the above case on  _[Date]_ , wherein, or as

a result of which, the following proceedings were held and actions taken:

    1.    **APPEARANCES:**  Appearing at the conference were:

         For    [_Enter Plaintiff No. 1_]:    _____

         For    [_Enter Plaintiff No. 2_]:    _____

         For    [_Enter Defendant No. 1_]:    _____

         For    [_Enter Defendant No. 2_]:    _____

[_Include a line for each party in the case, unless same counsel represents all_

_parties on particular side._]

    2.    **JURISDICTION AND VENUE:**

         a.    The court has subject matter jurisdiction of this action under the

following statutes, rules or cases:

*[List each statute, rule or case that is claimed to authorize the court's subject matter jurisdiction in this action.]*

     b.     All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

     c.     Is personal jurisdiction or venue contested?

     _____ Yes   _____ No

*[If personal jurisdiction or venue is contested, <u>briefly</u> set out the relevant arguments.]*

3.     <u>**PARTIES AND TRIAL COUNSEL:**</u> Any remaining fictitious parties are hereby **STRICKEN**. The parties before the Court and designated trial counsel are correctly named as set out below:

| <u>PARTIES</u> | <u>TRIAL COUNSEL</u> |
| --- | --- |
| *[Enter Plaintiff No. 1]* | _____ |
| *[Enter Plaintiff No. 2]* | _____ |
| *[Enter Defendant No. 1]* | _____ |
| *[Enter Defendant No. 2]* | _____ |

*[Include a line for each party in the case.]*

4.     <u>**PLEADINGS:**</u> The following pleadings have been allowed:

*[List the pleadings in the order in which they were filed and allowed. Do not include pleadings that have been stricken or otherwise disallowed. See Fed. R. Civ. P. 7(a) for a list of allowable pleadings.]*

5.   **STATEMENT OF THE CASE:**

a.   Narrative Statement of the Case.

[*The parties shall briefly summarize the case without using "color" words or argument.  In most cases, this should require no more than three or four sentences.  In a jury trial, this section will be read to the jury venire during the jury selection process.*]

b.   Undisputed Facts.

[*The parties shall set out in separate numbered paragraphs each fact that is not in dispute.  The parties are reminded that the court expects them to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement in an effort to reduce the need for evidence at and length of the trial.  In a jury trial, this section will be read to the jury and the jury will be instructed to accept these facts as true*.]

c.   Plaintiff's Claims.

[*For each claim, each plaintiff shall concisely state each legal theory relied upon and shall set out the factual allegations which he/she expects to prove in support of each such legal theory.  Vague, conclusory and general claims and allegations are not acceptable.  In other words, no* weasel wording.  *By this stage of the proceedings, the plaintiff is expected to know what the claims are and must state precisely the issues expected to be tried.  Each claim must be set out in a separately numbered paragraph, appropriately labeled.*  Think common law pleading.  *Under each claim, the plaintiff shall list, with pinpoint cites, any citations to the major cases, statutes, etc. that support his/her legal theory.*]

d.   Defendant's Defenses.

[*For each claim against him, each defendant shall concisely state each legal theory relied upon and shall set out the factual allegations which he/she expects to prove in support of each such legal theory.  Vague, conclusory and general claims and allegations are not acceptable.  In other words,  no* weasel wording.  *By this stage of the proceedings the*

*defendant is expected to know what the defenses are and must state precisely the issues expected to be tried.  Each defense must be set out in a separately numbered paragraph, appropriately labeled. <u>Think common law pleading.</u>  Under each defense, the defendant shall list, with pinpoint cites, any citations to the major cases, statutes, etc. that support his/her legal theory.]*

6.   **<u>DISCOVERY AND OTHER PRETRIAL PROCEDURES</u>:**

a.   Pretrial Discovery.

i.   ____ Pursuant to previously entered orders of the court, discovery is closed.

ii.   ____ The parties are given leave to proceed with further discovery provided it is commenced in time to be completed by _____.

b.   <u>Pending Motions</u>.

*[List all pending motions or state that there are no motions pending. Motions should be listed in separately numbered paragraphs, leaving sufficient space for the court to indicate its rulings below each listed motion.]*

c.   <u>Motions in Limine</u>.

Motions in limine, including any *Daubert* motions, must be filed at least twenty-eight (28) days in advance of the scheduled trial date and shall be accompanied by supporting memoranda, with pinpoint cites. Oppositions are due eleven (11) calendar days thereafter.  As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

7.   The parties must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial *other than solely for impeachment or rebuttal*:

a.   the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

b.   the designation <u>by page and line number</u> of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

c.   an appropriate identification (including Bates number if applicable) of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least thirty (30) days before trial.

Within seven (7) calendar days after receipt of the items listed above, a receiving party shall serve and promptly file a list disclosing (i) all objections, together with the grounds therefor, to the use under Rule 32(a) of a deposition designated by another party under the above subparagraph b; (ii) all objections, together with the grounds therefor, that may be made to the admissibility of materials identified under the above subparagraph c; and (iii) any counter-designations of those portions of depositions that a party wishes to reserve the right to introduce, without regard to whether the opposing party already has designated the same portions of testimony.  <u>Objections not so disclosed are waived unless excused by the court for good cause</u>, such as that the objecting party could not determine the basis of the objection prior to trial.

Within seven (7) calendar days after the parties exchange and file the objections noted in the preceding paragraph, they shall meet and consult in an attempt to resolve the objections.  If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial, submit to the

court, in writing, any such unresolved objections thereto. A brief argument may be submitted at that time, if necessary. The unresolved objections and arguments (if any) <u>must</u> be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits and/or objected-to proposed deposition testimony <u>must</u> be delivered to chambers of the undersigned (via the clerk's office).

No exhibits will be admitted or be permitted to be shown to the jury unless the party offering them has complied with the E-Government Act of 2002. This means that the following must be redacted from any document a party seeks to introduce into evidence or to show to the jury: social security numbers (in their entirety), dates of birth (other than the year), the names of persons known to be minors (although their initials may remain un-redacted), and financial account numbers (other than the last four digits).

The court will provide to counsel, at least twenty-one (21) days before trial, anticipated jury instructions and an anticipated verdict form.

Oral arguments on any unresolved pretrial matters will be heard and a preliminary charge conference will be held on _____,at _____, at the _____ United States Courthouse, _____, Alabama. If a party wishes to submit additional or alternative jury charges or verdict form, that party shall, no later than fourteen (14) days prior to the scheduled trial date, email to the court and opposing counsel its proposed additional or alternative charges or verdict form, together with a <u>brief</u> argument and <u>pinpoint</u> citation to authority.

8.    **\*TRIAL  (JURY):**  Any **proposed voir dire** is due at least ten (10) business days prior to the scheduled trial date and must be emailed to chambers of the undersigned with a copy to opposing counsel. The parties should indicate which questions (if any) they want the court to ask and which questions they propose to ask themselves.

9.    **<u>COMPUTATION OF DEADLINES</u>:**

a.    All deadlines shall be computed without regard to Fed. R. Civ. P. 6(a). However, if a document is due on a day that is a weekend or a federal holiday, then the deadline for filing such document

shall be extended until the next business day following the day on which the document would otherwise be due.

10. **CHAMBERS EMAIL:**

    a.    All documents that are emailed to chambers must be in WordPerfect® (strongly preferred) or Word® format and sent to: hopkins_chambers@alnd.uscourts.gov.

11. **VOIR DIRE:**

    a.    Maximum of ___ minutes per side.

12. **OPENING/CLOSING STATEMENTS:**

    a.    Maximum of ___ minutes per side on opening statements.
    b.    Maximum of ___ minutes per side on closing arguments. The plaintiff may reserve not more than half of [his/her/its] closing argument. However, if the plaintiff intends to ask for a specific sum of money, [he/she/it] must do so before the defendant makes [his/her/its] closing argument.

**\*TRIAL  (NON-JURY):**

    a.    If the parties wish to submit trial briefs OR IF the court directs the parties to submit trial briefs, they shall file them, along with a court's courtesy copy, with the Clerk of the Court at least one week in advance of trial. The Clerk will forward the court's courtesy copy to chambers. DO NOT hand deliver copies  to chambers. Also, the trial briefs shall be sent as an e-mail submission to hopkins_chambers@alnd.uscourts.gov.

    b.    At least one week in advance of trial, each party shall email to chambers of the undersigned, with a copy to opposing counsel, a proposed trial order. The trial order shall include: (1) a statement of undisputed facts, (2) proposed findings of fact as to facts that are in dispute, and (3) proposed conclusions of law. The proposed findings of fact shall include citations to the witness(es), documents(s), or other evidence the party expects to support each proposed finding of fact. The parties may rely on

statements of undisputed facts contained in the joint status report or the pretrial order in ascertaining which proposed findings of fact are undisputed, but shall not incorporate these facts by reference.

13. **TRIAL DATE:**

   a.   This case is set for trial (jury / non-jury) on _____, at the United States Courthouse, _____, _____, Alabama _____, and is anticipated to last _____ ( __ ) days (including jury selection, opening statements, all evidence, a charge conference, closing arguments, and the court's instructions to the jury, but not including jury deliberations).

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

**DONE** this the _____ day of _____, 201__.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge


**NOTES:**

   1.  This Pretrial Order form may be accessed at www.alnd.uscourts.gov; Court Info, District Court Judicial Officers, Virginia Emerson Hopkins, Final Pre-Trial Order (template).

   2.  To the extent that the court's prior orders conflict with any of the language or deadlines set forth above, this pretrial order controls.

(Revised 1/19/11)

-10-

**Exhibit B**
**\*\*SAMPLE\*\***
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**_____ DIVISION**

| | | |
|---|---|---|
| Name of the Plaintiff(s), | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | **CIVIL ACTION NO.:** |
| vs. | ] | _____ |
| | ] | |
| Name of the Defendant(s), | ] | |
| | ] | |
| Defendant(s). | ] | |

**PRETRIAL ORDER**

A pretrial conference was held in the above case on _____, wherein, or as a result of which, the following proceedings were held and actions taken:

1.      **APPEARANCES**:  Appearing at the conference were:

For    (Plff(s)):                          _____

For    (Dft(s)):                           _____

2.      **JURISDICTION AND VENUE:**

a.      The court has subject matter jurisdiction of this action under  the following statutes, rules or cases:

42 U.S.C. §2000e et seq.; 29 U.S.C. §621-634; 42 U.S.C. §12101 et seq.; 28 U.S.C. §1331; 28 U.S.C. §1343(a)(4).

b.      All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

c.      Is personal jurisdiction or venue contested?

_____ Yes _____ No

3.      **PARTIES AND TRIAL COUNSEL:**  The parties before the Court and designated trial counsel are correctly named as set out below:

PARTIES                                    TRIAL COUNSEL

Plaintiff(s)                               _____

Defendant(s)                               _____

4.      **PLEADINGS:**  The following pleadings have been allowed:

Complaint by Plaintiff and Answer by Defendant

5.      **STATEMENT OF THE CASE:**

a.      Narrative Statement of the Case.

The Plaintiff, XXX, a paraplegic male now 49 years old, brings this action for age, sex, and disability discrimination against the Defendant YYY.  Mr. XXX contends the Defendant YYY discriminated against him because of his age, sex, and/or disability in failing to hire him for the position of Administrative Assistant/Receptionist in the YYY's Police Department in [date].  Mr. XXX seeks

back pay he has lost, other damages, and other relief.  The Defendant YYY denies

that it discriminated against Mr. XXX and denies any liability to Mr. XXX.

       b.    <u>Undisputed Facts</u>.

1.    Mr. XXX is a male and was born [date - month and year only].

2.    Mr. XXX, a paraplegic, has been confined to a wheelchair since 1981 when he injured his spine in a car wreck.

3.    He worked for the Defendant YYY in Defendant YYY's Police Department from 1984 until July 2001.

4.    His duties changed somewhat over the years from dispatcher to administrative assistant / receptionist duties.

5.    Beginning in 1998, the position was officially listed as "Administrative Assistant/Receptionist to the Police Department."

6.    In July 2001 Mr. XXX left Defendant YYY to work as an independent sales agent with AFLAC, selling health and life insurance, on a full-time basis.

7.    In November 2006, Mr. XXX was asked to fill in as a substitute for the full-time assistant/receptionist, on vacation, holidays, or sick days, and he did so.

8.    In mid-May 2007 the full-time assistant left the job with Defendant YYY.

9.    After this, plaintiff was asked to continue substituting during the hiring process and he agreed.

10.    Defendant YYY placed an advertisement for the position in the newspaper and Mr. XXX, along with others, submitted an application and was interviewed.

11.    ZZZ, a non-disabled female 23 year old, was hired for the position in late July, 2007, and started working full-time for Defendant YYY on August 13, 2007.

     c.    <u>Plaintiff's Claims</u>.

I.    Failure to hire based on disability.

    A.    Statute sued under:  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.

    B.    Major cases: <u>EEOC v. Joe's Stone Crabs, Inc.</u>, 296 F.3d 1265, 1273 (11th Cir. 2002) (elements of prima facie case of failure to hire); <u>Sledge v. Goodyear Dunlop Tires North America, Ltd.</u>, 275 F.3d 1014, 1015 n.1 (11th Cir. 2001)(prima facie elements of failure to hire claim).

    C.    Factual allegations:

        (1)    Plaintiff applied for the position in question with the Defendant.

        (2)    Plaintiff is a paraplegic and has been at all times material to this case.

        (3)    Plaintiff was qualified for the position.

        (4)    Despite Plaintiff's qualifications, he was not hired.

        (5)    The position was filled by a non-disabled person.

II.    Failure to hire because of sex

    A.    Statute sued under: Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2001e et seq. and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

    B.    Major cases:  <u>EEOC v. Joe's Stone Crabs, Inc.</u>, 296 F.3d 1265, 1273 (11th Cir. 2002) (elements of prima facie case of failure to hire); <u>Sledge v. Goodyear Dunlop Tires North America, Ltd.</u>, 275 F.3d 1014, 1015 n.1 (11th Cir. 2001)(prima facie elements of failure to hire claim).

C.   Factual allegations:

   (1)   Plaintiff applied for a position with the Defendant.

   (2)   Plaintiff is a male.

   (3)   Plaintiff was qualified for the position in question.

   (4)   Despite his qualifications, Plaintiff was not hired.

   (5)   The position was filled by a female.

III.   Failure to hire because of age

A.   Statute sued under: the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

B.   Major cases:   EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002) (elements of prima facie case of failure to hire); Sledge v. Goodyear Dunlop Tires North America, Ltd., 275 F.3d 1014, 1015 n.1 (11th Cir. 2001)(prima facie elements of failure to hire claim).

C.   Factual allegations:

   (1)   Plaintiff applied for a position with the Defendant.

   (2)   Plaintiff was 47 years old at the time.

   (3)   Plaintiff was qualified for the position in question.

   (4)   Despite his qualifications, Plaintiff was not hired.

   (5)   The position was filled by a significantly younger person.

-15-

d.    Defendant's Defenses.

I.    Failure to hire because of disability

 A.    Defendant generally denies plaintiff's claim.

 B.    Defendant avers it had legitimate business reason(s) for not hiring plaintiff to his desired position. <u>Chapman v. AI Transport</u>, 229 F.3d 1012 (11th Cir. 2000).

 C.    Defendant's stated reason(s) are true. <u>Chapman</u>, citing <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 105 (2000); <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519 (11th Cir. 1997); <u>Forrester v. Rauland-Borg Corporation</u>, 453 F.3d 416 (7th Cir. 2006).

 D.    Plaintiff's comparators are not equivalent to plaintiff. <u>Chapman</u>, 229 F.3d 1012.

II.    Failure to hire because of age

 A.    Defendant generally denies plaintiff's claim.

 B.    Defendant avers it had legitimate business reason(s) for not hiring plaintiff to his desired position. <u>Chapman v. AI Transport</u>, 229 F.3d 1012 (11th Cir. 2000).

 C.    Defendant's stated reason(s) are true. <u>Chapman</u>, citing <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 105 (2000); <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519 (11th Cir. 1997); <u>Forrester v. Rauland-Borg Corporation</u>, 453 F.3d 416 (7th Cir. 2006).

 D.    Plaintiff's comparators are not equivalent to plaintiff. <u>Chapman</u>, 229 F.3d 1012.

III.   Failure to hire because of disability

    A.   Defendant generally denies plaintiff's claim.

    B.   Defendant avers it had legitimate business reason(s) for not hiring plaintiff to his desired position.  <u>Chapman v. AI Transport</u>, 229 F.3d 1012 (11th Cir. 2000).

    C.   Defendant's stated reason(s) are true.  <u>Chapman</u>, citing <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 105 (2000); <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519 (11th Cir. 1997); <u>Forrester v. Rauland-Borg Corporation</u>, 453 F.3d 416 (7th Cir. 2006).

    D.   Plaintiff's comparators are not equivalent to plaintiff. <u>Chapman</u>, 229 F.3d 1012.

IV.   Other defenses

    A.   Defendant pleads the benefits of 42 U.S.C. § 1981a, which contains graduated levels of damages which may be awarded in Title VII, ADEA, and ADA cases.

    B.   Defendant pleads failure to mitigate damages.

    C.   Defendant pleads set off.

    D.   Defendant has pleaded the <u>Mount Healthy</u> defense, should the facts revealed at trial implicate its use.

6.   **<u>DISCOVERY AND OTHER PRETRIAL PROCEDURES</u>:**

    a.   Pretrial Discovery.

        i.   Pursuant to previously entered orders of the court, discovery is closed.

b.    Pending Motions.

None.

c.    Motions in Limine.

Motions in limine, including any *Daubert* motions, must be filed at least twenty-eight (28) days in advance of the scheduled trial date and shall be accompanied by supporting memoranda, with pinpoint cites. Oppositions are due eleven (11) calendar days thereafter.  As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

7.    The parties must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial *other than solely for impeachment or rebuttal*:

a.    the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

b.    the designation by page and line number of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

c.    an appropriate identification (including Bates number if applicable) of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least thirty (30) days before trial.

Within seven (7) calendar days after receipt of the items listed above, a receiving party shall serve and promptly file a list

disclosing (i) all objections, together with the grounds therefor, to the use under Rule 32(a) of a deposition designated by another party under the above subparagraph b; (ii) all objections, together with the grounds therefor, that may be made to the admissibility of materials identified under the above subparagraph c; and (iii) any counter-designations of those portions of depositions that a party wishes to reserve the right to introduce, without regard to whether the opposing party already has designated the same portions of testimony.  <u>Objections not so disclosed are waived unless excused by the court for good cause</u>, such as that the objecting party could not determine the basis of the objection prior to trial.

Within seven (7) calendar days after the parties exchange and file the objections noted in the preceding paragraph, they shall meet and consult in an attempt to resolve the objections.  If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial, submit to the court, in writing, any such unresolved objections thereto.  A brief argument may be submitted at that time, if necessary.   The unresolved objections and arguments (if any) <u>must</u> be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits and/or objected-to proposed deposition testimony <u>must</u> be delivered to chambers of the undersigned (via the clerk's office).

No exhibits will be admitted or be permitted to be shown to the jury unless the party offering them has complied with the E-Government Act of 2002.  This means that the following must be redacted from any document a party seeks to introduce into evidence or to show to the jury: social security numbers (in their entirety), dates of birth (other than the year), the names of persons known to be minors (although their initials may remain unredacted), and financial account numbers (other than the last four digits).

The court will provide to counsel, at least twenty-one (21) days before trial, anticipated jury instructions and an anticipated verdict form.

Oral arguments on any unresolved pretrial matters will be heard and a preliminary charge conference will be held on _____,at _____, at the _____ United States Courthouse, _____, Alabama. If a party wishes to submit additional or alternative jury charges or verdict form, that party shall, no later than fourteen (14) days prior to the scheduled trial date, email to the court and opposing counsel its proposed additional or alternative charges or verdict form, together with a <u>brief</u> argument and <u>pinpoint</u> citation to authority.

8.     **\*<u>TRIAL (JURY)</u>:** Any **proposed voir dire** is due at least ten (10) business days prior to the scheduled trial date and must be emailed to chambers of the undersigned, with a copy to opposing counsel. The parties should indicate which questions (if any) they want the court to ask and which questions they propose to ask themselves.

9.     **<u>COMPUTATION OF DEADLINES</u>:**

   a.     All deadlines shall be computed without regard to Fed. R. Civ. P. 6(a). However, if a document is due on a day that is a weekend or a federal holiday, then the deadline for filing such document shall be extended until the next business day following the day on which the document would otherwise be due.

10.    **<u>CHAMBERS EMAIL</u>:**

   a.     All documents that are emailed to chambers must be in WordPerfect® (strongly preferred) or Word® format and sent to: <u>hopkins_chambers@alnd.uscourts.gov.</u>

11.    **<u>VOIR DIRE</u>:**

   a.     Maximum of __ minutes per side.

12.    **<u>OPENING/CLOSING STATEMENTS</u>:**

   a.     Maximum of __ minutes per side on opening statements.
   b.     Maximum of ___minutes per side on closing arguments. The plaintiff may reserve not more than half of his closing argument.

However, if the plaintiff intends to ask for a specific sum of money, he must do so before the defendant makes its closing argument.

13.   **TRIAL DATE:**

a.      This case is set for trial (jury / non-jury) on _____, in _____
_____, Alabama, at the United States Courthouse, _____
_____, _____, Alabama _____, and is
anticipated to last _____ (__ ) days (including jury selection,
opening statements, all evidence, a charge conference, closing
arguments, and the court's instructions to the jury, but not
including jury deliberations).

It is **ORDERED** that the above provisions be binding on all parties unless

modified by further order for good cause shown.

**DONE** this the _____ day of _____, 201__.

**NOTES:**

1.  This Pretrial Order form may be accessed at www.alnd.uscourts.gov; Court
Info, District Court Judicial Officers, Virginia Emerson Hopkins, Final Pre-Trial
Order (template).

2.  To the extent that the court's prior orders conflict with any of the language
or deadlines set forth above, this pretrial order controls.

(Revised 1/19/11)