

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TRACY O. CRANE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:11-CV-3568-VEH** |
| | ) |
| **ERIC H. HOLDER, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

---

## PRETRIAL ORDER

A pretrial conference was held in the above case on March 4, 2015, wherein, or as a result of which, the following proceedings were held and actions taken:

1.  **APPEARANCES**: Appearing at the conference were:

    | | |
    |---|---|
    | For Plaintiff Tracy O. Crane | James S. Roberts, Jr. |
    | For Defendant Eric H. Holder, Jr.<br>in his Official Capacity as the Attorney<br>General of the United States Department<br>of Justice | Mercedes C. Maynor-Faulcon<br>Assistant United States<br>Attorney |
    | For Defendant Eric H. Holder, Jr.<br>in his Official Capacity as the Attorney<br>General of the United States Department<br>of Justice | Marisa Ridi<br>Assistant General Counsel, FBI |

2.    **JURISDICTION AND VENUE**:

    a.    The court has subject matter jurisdiction of this action under the following statutes, rules or cases:

    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16(c).

    b.    All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

    c.    Is personal jurisdiction or venue contested?

         \_\_\_\_\_Yes   \_\_\_\_X\_\_   No

3.    **PARTIES AND TRIAL COUNSEL**: Any remaining fictitious parties are hereby **STRICKEN**. The parties before the Court and designated trial counsel are correctly named as set out below:

| PARTIES | TRIAL COUNSEL |
|---|---|
| Plaintiff Tracy O. Crane | James S. Roberts, Jr. |
| Defendant Eric H. Holder, Jr. in his Official Capacity as the Attorney General of the United States Department of Justice | Mercedes C. Maynor-Faulcon Assistant United States Attorney |
| Defendant Eric H. Holder, Jr. in his Official Capacity as the Attorney General of the United States Department of Justice | Marisa Ridi Assistant General Counsel, FBI |

4.   **PLEADINGS:** The following pleadings have been allowed:

Complaint (Doc. 1)

Amended Complaint (Doc. 16)

Answer (Doc. 34)

5.   **STATEMENT OF THE CASE:**

a.   <u>Narrative Statement of the Case</u>.

Plaintiff Tracy O. Crane is a Native American minority who left the employment of the FBI in 2008 to work in the civilian world.  In 2010, Mr. Crane desired to come back to work for the FBI.  Mr. Crane claims that the FBI illegally discriminated against him when it failed to hire him for a position in the Birmingham, Alabama, office in the summer of 2010 despite the fact that Mr. Crane had previously held the same position at that office.  Mr. Crane alleges that the FBI hired a much less qualified Caucasian person for the position instead in August of 2010.  Additionally, Mr. Crane contends that the FBI's decision not to hire him was also illegal retaliation against him by the FBI due to the fact that Mr. Crane had previously participated in an internal FBI investigation in 2009 or 2010 while Crane was a civilian.  Mr. Crane seeks the back pay he has lost, front pay that he would have earned, mental anguish and emotional distress, and other relief.

***The above narrative is Plaintiff's narrative statement and not a joint statement

Defendant:

The only accepted issue for investigation was whether Plaintiff was discriminated against based on national origin (Native American) and reprisal for alleged prior EEO activity when a decision was made to allow others to compete for the Paralegal Specialist position and to then fill the position with an internal candidate rather than hiring Plaintiff as a direct hire.   Defendant asserts that it did not discriminate against Plaintiff on any basis, and that it had legitimate business reasons for all its actions.   Defendant submits that Plaintiff is not entitled to any relief.

     b.    <u>Undisputed Facts</u>.

     1.    Plaintiff Tracy Crane, a former FBI employee, was assigned to the Birmingham Division of the FBI.

     2.    Plaintiff worked at the FBI for approximately seventeen (17) years, from approximately July 14, 1991, to July 3, 2008.

     3.    Plaintiff officially resigned his employment with the FBI on July 3, 2008.

     4.    Tracy Crane was a GS-14 when he left the FBI in 2008.

     5.    On or about October 22, 2008, Plaintiff opened a grocery store

business called IGA Marketplace.

6.    In the late Spring of 2010, Chief Division Counsel Zicarelli called Plaintiff to let him know about an upcoming vacancy for a Paralegal Specialist position in the FBI's Birmingham Division.

7.    The FBI advertised for competition the Paralegal Specialist position through two separate postings, one for internal candidates and one for external candidates.

8.    After posting for the Paralegal Specialist position, the FBI only considered internal candidates (current FBI employees) for the position.

9.    An FBI employee, Dan Russell, was selected for the position.

10.    On or about November 11, 2011, Plaintiff opened a private investigations and security business called Ravenwood Intelligence Group.

11.    Assistant Special Agent in Charge Regan became aware of Plaintiff's Native American status in approximately 2007.

12.    Regan signed Tracy Crane's PAR in 2007, where he was rated as excellent.

13.    Regan did not advise Special Agent in Charge Maley of Crane's protected status, i.e., Native American.

14.     CDC Zicarelli admitted that all FBI personnel are required to follow the policies and procedures of FBI Headquarters.

15.     CDC Zicarelli became aware of Plaintiff's Native American status in approximately 2004.

c.     Plaintiff's Claims.

1.     Violation of Title VII (failure to hire national origin discrimination)

A.     Statute sued under:  Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

B.     Major cases:  *Coutu v. Marin County Board of County Commissioners*, 47 F.3d 1068, 1073 (11th Cir. 1995); *see also McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1981) (elements of the prima facie case of failure to hire national origin discrimination); *Childress v. Caterpillar Logistics Service, Inc.*, 369 F.App'x 95, 96 (11th Cir. 2010) (the fourth element of the prima facie case is satisfied if the defendant actually hired someone from "outside the protected class"); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 – 34 (11th Cir. 1984) (when the plaintiff had no notice of or opportunity to apply for the job, such a reason for rejection is "legally insufficient and illegitimate."); *Walker v. Prudential Property and Casualty*

*Insurance Company*, 286 F.3d 1270, 1276 (11th Cir. 2002) (the application requirement does not apply to the plaintiff  "as long as he establishes that the [defendant] had some reason or duty to consider him for the post.").

C.    Factual allegations:

    a.    Plaintiff Tracy Crane is a member of a protected class, i.e., Native American.

    b.    Plaintiff was offered a "direct hire" position as a Paralegal Specialist/Asset Forfeiture Investigator at paygrade GS-12.

    c.    Plaintiff accepted the offer, which satisfied the application requirement.

    d.    Alternatively, the application requirement did not apply to the Plaintiff because either:

        I.    The Defendant had a duty to inform the Plaintiff about "posting" the position; or

        ii.    The Defendant had a duty to consider the Plaintiff for the position.

    e.    Plaintiff was qualified for the position because he had previously held the same position for 4 years from 1996 - 2000.

    f.    Despite Plaintiff's qualifications, Defendant rejected the Plaintiff.

g.      Instead of "direct hiring" the Plaintiff, the Defendant took away

the position from the Plaintiff, and "posted" the position.

h.      The Defendant did not tell the Plaintiff about either taking away

the position or about "posting" the position.

I.      The Defendant filled the position with a person who is outside of

the protected class, and who was less qualified than the Plaintiff.


2.      Violation of Title VII (retaliation for participating in a protected activity)

A.      Statute sued under:  Title VII of Civil Rights Act of 1964, as amended,

42 U.S.C. §2000e et seq.

B.      Major Cases:  *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)

(elements of the prima facie case of retaliation); *Pennington v. City of

Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (elements of the prima facie

case of retaliation);

C.      Factual allegations:

a.      The Plaintiff engaged in an activity protected under Title VII, i.e.,

in late 2009 or early 2010, the Plaintiff submitted an affidavit which

supported an FBI employee's EEO complaint.

b.      The Plaintiff suffered an adverse employment action, i.e., in the

8

summer of 2010, the Plaintiff was rejected and/or not considered for the position of Paralegal Specialist/Asset Forfeiture Investigator.

c.      There was a causal connection between the protected activity and the adverse employment action.

3.   Pretext

A.   Relevant statute:  Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

B.   Major cases:  *Conner v. Lafarge North American, Inc.*, 343 F.App'x 537, 541 (11th Cir. 2009) (Defendant's duty under the failure to hire national origin discrimination claim to prove that he had "legitimate nondiscriminatory reasons for the challenged employment action"); *Crawford v. Carroll*, 529 F.3rd 961, 976 (11th Cir. 2008) (for the retaliation claim, Defendant must prove "a legitimate, non-discriminatory reason for the adverse employment action"); *Chapman v. Al Transport*, 229 F.3d 1012, 1037 (11th Cir. 2000) (Plaintiff must then "produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." ); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (Plaintiff can establish pretext "by showing that the employer's proffered explanation [is false] or 'unworthy of credence.'" ).

C.   Factual allegations:

a.   The Defendant did not have a legitimate nondiscriminatory reason for the adverse employment action, either for the failure to hire national origin discrimination claim or for the retaliation claim.

b.   The Defendant's proffered nondiscriminatory reasons are pretextual.

c.   The Defendant's proffered explanations are false and/or unworthy of credence.

b.   <u>Defendant's Defenses</u>.

I.   Failure to hire based on national origin (Count One of Plaintiff's Amended Complaint, DE 16, p. 18).

A.   Defendant generally denies Plaintiff's claims and denies that Plaintiff can establish a prima facie case of discrimination based on national origin.

1.   The prima facie elements in a failure to hire national origin discrimination case are:

(1) that [the plaintiff] is a member of a protected class;

(2) that [he] applied and was qualified for the job;

(3) that despite [his] qualifications, [he] was rejected; and

(4) that the position remained open or was filled by a person outside the protected class. *Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1073 (11th Cir. 1995) (failure to hire national origin discrimination). (See DE 79: Memorandum Opinion and Order, p. 36).

B.     Defendant submits that its failure to hire Plaintiff was not based on his National Origin and all of its decisions are supported with legitimate business reasons. (*Conner v. Lafarge N. Am., Inc.*, 343 F. App'x 537, 541 (11th Cir. 2009) (*quoting Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997)).

C.     Defendant's reasons are not pretextual, but are true.  (*Chapman v. AI Transp.*, 229 F.3d 1012, 1037 (11th Cir. 2000).

II.   Failure to hire based on Retaliation

A.     Defendant generally denies Plaintiff's claims and denies that Plaintiff can establish a prima facie case based on retaliation.

1.     The prima facie elements of retaliation are:

(1) [he] engaged in an activity protected under Title VII;

(2) [he] suffered an adverse employment action; and

(3) there was a causal connection between the protected activity and the

adverse employment action. *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). (See DE 79: Memorandum Opinion and Order, p. 45).

B.     Defendant submits that its failure to hire Plaintiff was not based on retaliation and all of its decisions are supported with legitimate business reasons. (*Conner v. Lafarge N. Am., Inc.*, 343 F. App'x 537, 541 (11th Cir. 2009) (*quoting Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997)).

C.     Defendant's reasons are not pretextual, but are true.  (*Chapman v. AI Transp.*, 229 F.3d 1012, 1037 (11th Cir. 2000).

III.   Other Defenses

A.     Defendant asserts that Plaintiff is not entitled to any damages but the only damages applicable in this case may include damages as required pursuant to 42 U.S.C. 1981a and 42 U.S.C. 2000e-16(d).

B.     Defendant asserts that any damages that Plaintiff could recover are barred or reduced by his failure to mitigate damages.

C.     Defendant asserts that Plaintiff is not entitled to punitive damages.

D.    Defendant asserts all applicable damages caps or limitations.

E.    Defendant exercised reasonable care to promptly prevent, investigate, and correct any allegations of discrimination, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.


6.    **DISCOVERY AND OTHER PRETRIAL PROCEDURES:**

a.    <u>Pretrial Discovery</u>.

   i.  Pursuant to entered orders of the court, discovery is closed.

   ___X___

b.    <u>Pending Motions</u>.

   None.

c.    <u>Motions in Limine</u>.

   Motions in limine, including any Daubert motions, must be filed at least twenty-eight (28) days in advance of the scheduled trial date and shall be accompanied by supporting memoranda, with pinpoint cites. Oppositions are due eleven (11) calendar days thereafter. As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

7.    The parties must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial *other than solely for impeachment or rebuttal*:

a.      the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

b.      the designation <u>by page and line number</u> of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

c.      an appropriate identification (including Bates number if applicable) of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least thirty (30) days before trial.

Within seven (7) calendar days after receipt of the items listed above, a receiving party shall serve and promptly file a list disclosing (i) all objections, together with the grounds therefor, to the use under Rule 32(a) of a deposition designated by another party under the above subparagraph b; (ii) all objections, together with the grounds therefor, that may be made to the admissibility of materials identified under the above subparagraph c; and (iii) any counter-designations of those portions of depositions that a party wishes to reserve the right to introduce, without regard to whether the opposing party already has designated the same portions of testimony. <u>Objections not so disclosed are waived unless excused by the court for good cause</u>, such as that the objecting party could not determine the basis of the objection prior to trial.

Within seven (7) calendar days after the parties exchange and file the objections noted in the preceding paragraph, they shall meet and consult in an attempt to resolve the objections. If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial, submit to the court, in writing, any such unresolved objections thereto. A brief argument may be submitted at that time, if

14

necessary. The unresolved objections and arguments (if any) must be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits and/or objected-to proposed deposition testimony must be delivered to chambers of the undersigned (via the clerk's office).

No exhibits will be admitted or be permitted to be shown to the jury unless the party offering them has complied with the E-Government Act of 2002. This means that the following must be redacted from any document a party seeks to introduce into evidence or to show to the jury: social security numbers (in their entirety), dates of birth (other than the year), the names of persons known to be minors (although their initials may remain un-redacted), and financial account numbers (other than the last four digits).

The court will provide to counsel, at least twenty-one (21) days before trial, anticipated jury instructions and an anticipated verdict form.

Oral arguments on any unresolved pretrial matters will be heard and a preliminary charge conference will be held on **September 25, 2015, at 10:00 a.m., at the Hugo L. Black United States Courthouse, 1729 Fifth Avenue North Birmingham, Alabama**. If a party wishes to submit additional or alternative jury charges or verdict form, that party shall, no later than fourteen (14) days prior to the scheduled trial date, email to the court and opposing counsel its proposed additional or alternative charges or verdict form, together with a brief argument and pinpoint citation to authority.

8. **TRIAL (JURY):** Any **proposed voir dire** is due at least ten (10) business days prior to the scheduled trial date and must be emailed to chambers of the undersigned with a copy to opposing counsel. The parties should indicate which questions (if any) they want the court to ask and which questions they propose to ask themselves.

9. **COMPUTATION OF DEADLINES:**

a.      All deadlines shall be computed without regard to Fed. R. Civ. P. 6(a). However, if a document is due on a day that is a weekend or a federal holiday, then the deadline for filing such document shall be extended until the next business day following the day on which the document would otherwise be due.

15

10. **<u>CHAMBERS EMAIL</u>:**

    a.    All documents that are emailed to chambers must be in WordPerfect® (strongly preferred) or Word® format and sent to: <u>hopkins_chambers@alnd.uscourts.gov</u>.

11. **<u>VOIR DIRE</u>:**

    a.    Maximum of 60 minutes per side.

12. **<u>OPENING/CLOSING STATEMENTS</u>:**

    a.    Maximum of 45 minutes per side on opening statements.

    b.    Maximum of 60 minutes per side on closing arguments.  The plaintiff may reserve not more than half of his closing argument. However, if the plaintiff intends to ask for a specific sum of money, he must do so before the defendant makes its closing argument.

13. **<u>TRIAL DATE</u>:**

    a.    This case is set for trial (jury) on **<u>October 5, 2015, at 9:00 a.m., at the Hugo L. Black United States Courthouse, 1729 Fifth Avenue North Birmingham, Alabama</u>**, and is anticipated to last seven (7) days (including jury selection, opening statements, all evidence, a charge conference, closing arguments, and the court's instructions to the jury, but not including jury deliberations).

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

**DONE** and **ORDERED** this the 5th day of March, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge